# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 4126 | **DATE** | 7/12/2000 |
| **CASE TITLE** | Patrick K. Dow vs. Enterprise Leasing | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Order. Dow is ordered to submit an appropriate filing in this Court's chambers on or before July 25, 2000, in which he must in all events address the timeliness issue most recently discussed in this memorandum and, if he gets over that hurdle, he must also clear up his mistake as to the date on which he actually received the right-to-sue letter. This Court will then take such action as appears appropriate.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| ✓ | Notices mailed by judge's staff. | | JUL 13 2000 | |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | | 3 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 7/13/2000 date mailed notice | |
| SN | courtroom deputy's initials | 00 JUL 12 PM 12:47 Date/time received in central Clerk's Office | SN mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

PATRICK K. DOW, )
 )
        Plaintiff, )
 )
v. ) No. 00 C 4126
 )
ENTERPRISE LEASING, )
 )
        Defendants. )

MEMORANDUM ORDER

Patrick Dow ("Dow") has filed[1] this employment discrimination action against his employer Enterprise Leasing ("Enterprise"), charging it with discrimination in having failed to grant his request for a transfer and in failing to promote him, each assertedly because he is Black. This memorandum order is issued sua sponte to direct Dow to address a serious question that may doom his action as untimely brought.

As is usually the case with pro se plaintiffs who bring such actions, Dow has used the form of Complaint Of Employment Discrimination provided by this District Court's Clerk's Office, filling in the indicated blanks. It may first be noted that Dow has completed Complaint ¶8(b) by stating that he received EEOC's Notice of Right To Sue ("right-to-sue letter") on April 7, 2000, and if that were true the July 7 date stamp on the Complaint

---

[1] As the ensuing discussion reflects, this characterization may be open to question.

would have been the 91st date after such receipt. Because the law (and the right-to-sue letter itself, which both capitalizes and underlines its "within 90 days" warning) allows just 90 days to sue, or "otherwise your right to sue is lost" (again the express language of the right-to-sue-letter), that extra day's delay would be fatal. Case law in this area confirms the old saying that "a miss is as good as a mile."

But there is a substantial reason to suspect that Dow may unintentionally have placed the wrong date in Complaint ¶8(b). April 7, 2000 is the date of the EEOC letter itself (a copy of which is attached to the Complaint), and it reflects transmittal to Dow by certified mail. It seems likely that Dow misunderstood Complaint ¶8(b) -- even though its language is clear enough -- as calling for the date of <u>issuance</u> of the right-to-sue letter.

That however may be the least of Dow's problems. Both from the limited documentation contained in the court file and from the Clerk's Office's recollection of Dow's submission of the Complaint, that submission was unaccompanied by either (1) payment of the required $150 filing fee or (2) an appropriately submitted and appropriately supported application for waiver of such payment. In that latter respect, because Dow is still employed by Enterprise (Complaint ¶5(b)) it would seem very doubtful that he could legitimately apply for, let alone qualify

for, in forma pauperis status in terms of excusing the prepayment of the $150 filing fee.

This Court's brief research has disclosed a surprising lack of authority on whether a plaintiff such as Dow is considered to have commenced his action by simply presenting to the Clerk of the Court a complaint for filing without the statutorily required filing fee. In that respect Fed.R.Civ.P. ("Rule") 3 provides:

> A civil action is commenced by filing a complaint with the court.

But 28 U.S.C. §1914(a)(emphasis added) speaks in mandatory terms as to payment of the fee:

> (a) The clerk of each district court <u>shall require</u> the parties instituting any civil action, suit or proceeding in such court, whether by original process, removal or otherwise, to pay a filing fee of $150, except that on application for a writ of habeas corpus the filing fee shall be $5.

To this Court's knowledge the most recent discussion of this subject in the present context has been that in <u>Wanamaker v. Columbian Rope Co.</u>, 713 F.Supp. 533, 537-39 (N.D. N.Y. 1989), which after a careful review of the earlier case law concluded that a complaint (other than one sought to be filed in forma pauperis) was not filed until the statutorily required filing fee was paid to the clerk of court.[2] Although the somewhat more

---

[2] It was years later that the <u>Wanamaker</u> case reached the summary judgment stage in the District Court, so that the Court of Appeals did not address the case until 1997 (108 F.3d 462 (2d Cir. 1997)). And at that point the court specifically declined to reach the statute of limitations question posed by the

3

recent opinion in Johnson v. Brown, 803 F.Supp. 1414 (N.D. Ind. 1992) also engaged in a thoughtful and extended analysis, and reached a different result, it did so in the very different context of a _timely_ submitted complaint and in forma pauperis application that was later denied, followed by plaintiff's payment of the filing fee after the 90-day clock had run out.

Accordingly Dow is ordered to submit an appropriate filing in this Court's chambers on or before July 25, 2000, in which he must in all events address the timeliness issue most recently discussed in this memorandum and, if he gets over that hurdle, he must also clear up his mistake (if it is one) as to the date on which he actually received the right-to-sue letter. This Court will then take such action as appears appropriate.

_____
Milton I. Shadur
Senior United States District Judge

Date: July 11, 2000

---

effective date of "filing" because it disposed of the plaintiff's claim on the merits (id. at 465).

4