# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 4126 | **DATE** | 10/25/2000 |
| **CASE TITLE** | Patrick K. Dow vs. Enterprise Leasing | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Order. There is no question that the July 21 filing date for this action came too late in relation to Dow's receipt of the right-to-sue letter. Accordingly Dow's Complaint and this action are dismissed. But because Dow had obviously misunderstood the directive in the Order, the Clerk's Office is ordered to refund to Dow the $150 filing fee that he tendered improvidently.

(11) ■ [For further detail see order attached to the original minute order.]

| | | |
|---|---|---|
| | No notices required, advised in open court. | |
| | No notices required. | number of notices |
| ✓ | Notices mailed by judge's staff. | OCT 26 2000 date docketed |
| | Notified counsel by telephone. | |
| | Docketing to mail notices. | |
| | Mail AO 450 form. | docketing deputy initials |
| | Copy to judge/magistrate judge. | |
| SN courtroom deputy's initials | | 10/25/2000 date mailed notice |
| | Date/time received in central Clerk's Office | SN mailing deputy initials |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

PATRICK K. DOW,                )
                               )
             Plaintiff,        )
                               )
     v.                        )   No.  00 C 4126
                               )
ENTERPRISE LEASING,            )
                               )
             Defendants.       )

## MEMORANDUM ORDER

This Court's sua sponte July 10, 2000 memorandum order ("Order") directed pro se putative plaintiff Patrick Dow ("Dow") "to address a serious question that may doom his action as untimely brought." After indicating the unlikelihood that Dow was out of time if he were indeed entitled to a July 7 filing date (the date on which he delivered his Complaint to the Clerk's Office), this Court went on to require Dow "to submit an appropriate filing in this Court's chambers on or before July 25" to address the different timeliness issue identified in the Order.

Instead of doing that, Dow proceeded on July 21 to pay the required $150 filing fee. But this Court's examination of the case file discloses that Dow had never sought in forma pauperis treatment, so that the teaching of the Wanamaker case (see Order at 3) and the precedents that it reviewed so carefully is that Dow's Complaint was not properly filed until that July 21 payment date. Such belated payment, without the submission of an earlier

prayer for in forma pauperis treatment, renders totally inapplicable the analysis in the Johnson case (see Order at 4), which addressed the situation in which a plaintiff had filed both a complaint and an in forma pauperis application within the statutory 90-day period after having received of the EEOC letter, and had then made payment of the filing fee after denial of the in forma pauperis application.

There is no question that the July 21 filing date for this action came too late in relation to Dow's receipt of the right-to-sue letter. Accordingly Dow's Complaint and this action are dismissed. But because Dow had obviously misunderstood the directive in the Order, the Clerk's Office is ordered to refund to Dow the $150 filing fee that he tendered improvidently.

_____
Milton I. Shadur
Senior United States District Judge

Date: October 25, 2000

2