# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 4126 | **DATE** | 11/30/2000 |
| **CASE TITLE** | | Patrick Dow vs. Enterprise Leasing | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

> Plaintiff's motion to vacate order of dismissal

**DOCKET ENTRY:**

(1)  ☐  Filed motion of [ use listing in "Motion" box above.]

(2)  ☐  Brief in support of motion due _____.

(3)  ☐  Answer brief to motion due _____. Reply to answer brief due_____.

(4)  ☐  Ruling/Hearing on _____ set for _____ at _____.

(5)  ☐  Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6)  ☐  Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7)  ☐  Trial[set for/re-set for] on _____ at _____.

(8)  ☐  [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9)  ☐  This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■  [Other docket entry]  Enter Memorandum Opinion and Order. Dow's current motion is denied.

(11) ■  [For further detail see order attached to the original minute order.]

| | | |
|---|---|---|
| | No notices required, advised in open court. | |
| | No notices required. | number of notices |
| ✓ | Notices mailed by judge's staff. | |
| | Notified counsel by telephone. | DEC 0 1 2000 |
| | Docketing to mail notices. | date docketed |
| | Mail AO 450 form. | |
| | Copy to judge/magistrate judge. | |

SN

courtroom deputy's initials

11/30/2000
date mailed notice

SN

mailing deputy initials

Date/time received in central Clerk's Office

Document Number

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

PATRICK K. DOW,                           )
                                          )
                    Plaintiff,            )
                                          )
     v.                                   )     No.   00 C 4126
                                          )
ENTERPRISE LEASING,                       )
                                          )                    **DOCKETED**
                    Defendants.           )
                                                              DEC 0 1 2000

MEMORANDUM ORDER

Attorney G. Clinton Gaston ("Gaston") has just tendered a
document captioned "Plaintiffs' Motion To Vacate Order of
Dismissal," seeking to overturn this Court's October 25, 2000
("October Order") memorandum order that dismissed the employment
discrimination Complaint and action that Gaston's client Patrick
Dow ("Dow") had brought against his employer Enterprise Leasing
("Enterprise").[1]  After full consideration of that motion, this
Court has determined that the insufficiency of Gaston's current
submission calls for the motion's denial.

Some procedural oddities should be addressed before this
memorandum order turns to the merits.  All that was delivered to
this Court's chambers by the Clerk's Office at the outset of this
case was the "Judge's Copy" of the printed form of Complaint of
Employment Discrimination that is always made available to

---

[1]  Because both the October Order and this Court's earlier
July 11, 200 memorandum order ("July Order") bear on the issues
discussed here, a photocopy of each is attached to this
memorandum order.



<u>unrepresented</u> parties by the Clerk's Office.[2] That form had been completed by handwritten insertions that filled in the blanks and checked the various boxes on that form (the familiar manner in which such pro se pleadings come to this Court). And that apparent pro se status on Dow's part was reinforced by the signature page of the Complaint (photocopy also attached), which contained not only Dow's signature but also his handprinted name, address and telephone number.

What was <u>not</u> delivered to this Court's chambers were (1) the Civil Cover Sheet tendered to the Clerk's Office (photocopy also attached), which was also filled out by hand in the identical handwriting and printing but which listed Gaston's law firm name and his address, along with his manual signature on the bottom line calling for "SIGNATURE OF ATTORNEY OF RECORD," and (2) the attorney's appearance form (photocopy also attached) that also contained the identical printing and handwriting. It thus appears, although this Court had no way of knowing it, that it was Gaston rather than Dow who actually filled out and signed the Complaint itself--but again this Court had nothing at all to

---

[2]   Each page of that form bears this legend at its foot:

> Guide to Civil Cases for Litigants Without Lawyers.

And that of course is reflective of the natural expectation that if a prospective plaintiff has legal representation the lawyer should be capable of drafting his or her own complaint, without recourse to the simplistic printed form.

suggest that it was dealing with anyone other than a pro se litigant.

As the July Order reflects, it directed Dow's attention to the problem of possible untimeliness that appeared to be posed on the face of the Complaint. And of course this Court's minute clerk sent a copy of the July Order to Dow directly because she was equally unaware of his lawyer's initial appearance.[3]

In any event, as the October Order states, Dow then proceeded on July 21 to pay the $150 filing fee--still without any word to this Court having been received from Gaston, either disclosing his presence in the case or addressing the subject matter of the July Order. This Court thereupon asked its minute clerk to determine whether Dow had ever sought in forma pauperis treatment, and upon being given a negative answer to that inquiry this Court issued the October Order dismissing the case on the basis of its untimeliness.

Gaston's current filing does not even address his own failure to have kept current on his client's behalf. Although it is of course unfortunate that this Court was unaware of Gaston's

---

[3] Ironically, if it was really Gaston rather than Dow who filled out the form of Complaint, what this Court regarded as an understandable layman's error in identifying Dow's date of receipt of EEOC's right-to-sue letter (the date inserted there was instead the date on which the EEOC person had signed the letter) would have been an inexcusably careless mistake that should never have been made by a lawyer. As this memorandum order goes on to explain, that was not Gaston's only blunder.

3

appearance, an unawareness fortified by the nature of the Complaint and by what was represented to be Dow's _own_ signature on a form designed exclusively for pro se litigants, no excuse appears to justify Gaston's inattentiveness. Nor is it understandable that Dow, having received a copy of the July Order, apparently did not communicate with his own lawyer about what should be the appropriate course of action at that point. What _is_ clear is that the current motion has been tendered after the expiration of the non-extendable time limit (see Fed. R. Civ. P. ("Rule") 6(b)) for a Rule 59(e) motion to alter or amend the judgment of dismissal, so that the current motion must meet the more demanding standards of Rule 60(b).

To turn to the substantive issue posed by Gaston's motion, he is totally inaccurate in stating that the Complaint was accompanied by an application to proceed in forma pauperis. In that respect the Clerk's Office also consistently provides persons seeking such status with the Administrative Office's form for that purpose (the "Application," a blank photocopy of which is also attached). No such Application was prepared and tendered with the Complaint (if it had been, the July Order itself recognized that a timely submitted complaint _together with_ an in forma pauperis application would avoid running afoul of the 90-day time limit that is triggered by a claimant's receipt of a right-to-sue letter).

4

Though Gaston claims that he filed an Application, the piece of paper to which he ascribes that status (his Ex. E, photocopy also attached) is nothing of the sort--instead it is the purely internal Clerk's Office document that lists "fee information" for recordkeeping purposes, with a functionary in the Clerk's Office having put an "x" in the box next to "IFP" rather than next to any of the boxes that indicate the amount of fees paid. That clerk-prepared form, generated solely for internal purposes, simply does not qualify as the <u>litigant's</u> request to be granted the right to proceed without payment of a filing fee. And nothing that Gaston has said explains or justifies his further delinquency in that respect.

In short, Gaston has not presented anything that calls for his being bailed out of the consequences of his handling (or mishandling) of the matter. Although this Court is of course sympathetic to Dow's situation, it still seems clear (1) that he was always able to pay the $150 filing fee but did not do so until after the 90-day period had run out, and (2) that in the meantime he had not tolled that period by having filed a request to excuse payment of the filing fee. Accordingly, Dow's current motion (tendered through attorney Gaston) is denied.

Milton I. Shadur
Senior United States District Judge

Date: November 30, 2000

5

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

PATRICK K. DOW,                        )
                                       )
                    Plaintiff,         )
                                       )
         v.                            )    No.  00 C 4126
                                       )
ENTERPRISE LEASING,                    )
                                       )
                    Defendants.        )

MEMORANDUM ORDER

Patrick Dow ("Dow") has filed[1] this employment
discrimination action against his employer Enterprise Leasing
("Enterprise"), charging it with discrimination in having failed
to grant his request for a transfer and in failing to promote
him, each assertedly because he is Black.  This memorandum order
is issued sua sponte to direct Dow to address a serious question
that may doom his action as untimely brought.

As is usually the case with pro se plaintiffs who bring such
actions, Dow has used the form of Complaint Of Employment
Discrimination provided by this District Court's Clerk's Office,
filling in the indicated blanks.  It may first be noted that Dow
has completed Complaint ¶8(b) by stating that he received EEOC's
Notice of Right To Sue ("right-to-sue letter") on April 7, 2000,
and if that were true the July 7 date stamp on the Complaint

_____

[1]As the ensuing discussion reflects, this characterization
may be open to question.

would have been the 91st date after such receipt. Because the law (and the right-to-sue letter itself, which both capitalizes and underlines its "within 90 days" warning) allows just 90 days to sue, or "otherwise your right to sue is lost" (again the express language of the right-to-sue-letter), that extra day's delay would be fatal. Case law in this area confirms the old saying that "a miss is as good as a mile."

But there is a substantial reason to suspect that Dow may unintentionally have placed the wrong date in Complaint ¶8(b). April 7, 2000 is the date of the EEOC letter itself (a copy of which is attached to the Complaint), and it reflects transmittal to Dow by certified mail. It seems likely that Dow misunderstood Complaint ¶8(b) -- even though its language is clear enough -- as calling for the date of <u>issuance</u> of the right-to-sue letter.

That however may be the least of Dow's problems. Both from the limited documentation contained in the court file and from the Clerk's Office's recollection of Dow's submission of the Complaint, that submission was unaccompanied by either (1) payment of the required $150 filing fee or (2) an appropriately submitted and appropriately supported application for waiver of such payment. In that latter respect, because Dow is still employed by Enterprise (Complaint ¶5(b)) it would seem very doubtful that he could legitimately apply for, let alone qualify

for, in forma pauperis status in terms of excusing the prepayment of the $150 filing fee.

This Court's brief research has disclosed a surprising lack of authority on whether a plaintiff such as Dow is considered to have commenced his action by simply presenting to the Clerk of the Court a complaint for filing without the statutorily required filing fee. In that respect Fed.R.Civ.P. ("Rule") 3 provides:

> A civil action is commenced by filing a complaint with the court.

But 28 U.S.C. §1914(a)(emphasis added) speaks in mandatory terms as to payment of the fee:

> (a) The clerk of each district court shall require the parties instituting any civil action, suit or proceeding in such court, whether by original process, removal or otherwise, to pay a filing fee of $150, except that on application for a writ of habeas corpus the filing fee shall be $5.

To this Court's knowledge the most recent discussion of this subject in the present context has been that in Wanamaker v. Columbian Rope Co., 713 F.Supp. 533, 537-39 (N.D. N.Y. 1989), which after a careful review of the earlier case law concluded that a complaint (other than one sought to be filed in forma pauperis) was not filed until the statutorily required filing fee was paid to the clerk of court.[2] Although the somewhat more

---

[2]It was years later that the Wanamaker case reached the summary judgment stage in the District Court, so that the Court of Appeals did not address the case until 1997 (108 F.3d 462 (2$^d$ Cir. 1997)). And at that point the court specifically declined to reach the statute of limitations question posed by the

recent opinion in <u>Johnson v. Brown</u>, 803 F.Supp. 1414 (N.D. Ind. 1992) also engaged in a thoughtful and extended analysis, and reached a different result, it did so in the very different context of a <u>timely</u> submitted complaint and in forma pauperis application that was later denied, followed by plaintiff's payment of the filing fee after the 90-day clock had run out.

Accordingly Dow is ordered to submit an appropriate filing in this Court's chambers on or before July 25, 2000, in which he must in all events address the timeliness issue most recently discussed in this memorandum and, if he gets over that hurdle, he must also clear up his mistake (if it is one) as to the date on which he actually received the right-to-sue letter. This Court will then take such action as appears appropriate.

Milton I. Shadur
Senior United States District Judge

Date: July 11, 2000

---

effective date of "filing" because it disposed of the plaintiff's claim on the merits (<u>id</u>. at 465).

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

PATRICK K. DOW,               )
                              )
            Plaintiff,        )
                              )
      v.                      )    No.   00 C 4126
                              )
ENTERPRISE LEASING,           )
                              )
            Defendants.       )

MEMORANDUM ORDER

This Court's sua sponte July 10, 2000 memorandum order

("Order") directed pro se putative plaintiff Patrick Dow ("Dow")

"to address a serious question that may doom his action as

untimely brought." After indicating the unlikelihood that Dow was

out of time if he were indeed entitled to a July 7 filing date

(the date on which he delivered his Complaint to the Clerk's

Office), this Court went on to require Dow "to submit an

appropriate filing in this Court's chambers on or before July 25"

to address the different timeliness issue identified in the

Order.

Instead of doing that, Dow proceeded on July 21 to pay the

required $150 filing fee.  But this Court's examination of the

case file discloses that Dow had never sought in forma pauperis

treatment, so that the teaching of the Wanamaker case (see Order

at 3) and the precedents that it reviewed so carefully is that

Dow's Complaint was not properly filed until that July 21 payment

date.  Such belated payment, without the submission of an earlier

prayer for in forma pauperis treatment, renders totally inapplicable the analysis in the <u>Johnson</u> case (see Order at 4), which addressed the situation in which a plaintiff had filed both a complaint <u>and</u> an in forma pauperis application within the statutory 90-day period after having received of the EEOC letter, and had then made payment of the filing fee after denial of the in forma pauperis application.

There is no question that the July 21 filing date for this action came too late in relation to Dow's receipt of the right-to-sue letter. Accordingly Dow's Complaint and this action are dismissed. But because Dow had obviously misunderstood the directive in the Order, the Clerk's Office is ordered to refund to Dow the $150 filing fee that he tendered improvidently.

Milton I. Shadur
Senior United States District Judge

Date: October 25, 2000

_____

_____

_____

_____

_____

(g) ☐   If available, grant the plaintiff appropriate injunctive relief, lost wages, liquidated/double damages, front pay, compensatory damages, punitive damages, prejudgment interest, post-judgment interest, and costs, including reasonable attorney fees and expert witness fees.

(h) ☐   Grant such other relief as the Court may find appropriate.

(Plaintiff's signature) _Patrick K Dov_

(Plaintiff's name) _Patrnak K. Dov_

(Plaintiff's street address) _13400 S. Tripp_

_____

(City) _Robbins_   (State) _IL_   (ZIP) _6042_

(Plaintiff's telephone number) (_708_) – _389-3046_

JS 44
Rev. 12/96

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as require~~d~~
by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the us~~e~~
of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**(a) PLAINTIFFS**

*Patrick K. Dow*

**DEFENDANTS**

*Enterprise Leasing*

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF *Cook*
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY ~~OF RESIDENCE OF FIRST LISTED DEFE~~ *DuPage*
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
TRACT OF LAND INVOLVED.

**00C 4120**

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
*G. Clinton Gaston & Associates*
*39 S. La Salle — 1100*
*Chicago, IL. 60603*

ATTORNEYS (IF KNOWN)

**JUDGE SHADUR**

**MAGISTRATE JUDGE SCHENKIER**

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)

☐ 1 U.S. Government
Plaintiff

☒ 3 Federal Question
(U.S. Government Not a Party)

☐ 2 U.S. Government
Defendant

☐ 4 Diversity
(Indicate Citizenship of Parties
in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF
(For Diversity Cases Only) AND ONE BOX FOR DEFENDANT)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☒ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

☒ 1 Original
Proceeding

☐ 2 Removed from
State Court

☐ 3 Remanded from
Appellate Court

☐ 4 Reinstated or
Reopened

☐ 5 Transferred from
another district
(specify)

☐ 6 Multidistrict
Litigation

☐ 7 Appeal to District
Judge from
Magistrate
Judgment

## V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury — Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 365 Personal Injury — Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☒ 442 Employment | **HABEAS CORPUS:** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS — Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |

## VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

## VII. REQUESTED IN COMPLAINT
CHECK IF THIS IS A CLASS ACTION
☐ UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in compla~~int~~
JURY DEMAND: ☐ YES ☐ NO

**VIII.** This case ☒ is not a refiling of a previously dismissed action.
☐ is a refiling of case number _____ previously dismissed by Judge _____

**EXHIBIT C**

DATE *07/07/00*

SIGNATURE OF ATTORNEY OF RECORD
*G. Clinton Gaston*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

ne Matter of *Patrick K. Dow*
v
*Enterprise Leasing*

**00C 4126** Case Number:

PEARANCES ARE HEREBY FILED BY THE UNDERSIGNED AS ATTORNEY(S) FOR:

*Patrick K. Dow*

JUDGE SHADUR

*G. Clinton Gaston & Associates*

MAGISTRATE JUDGE SCHENKIER

| (A) | | (B) | |
|---|---|---|---|
| SIGNATURE *G. Clinton Gaston* | | SIGNATURE | |
| NAME *G. Clinton Gaston* | | NAME | |
| FIRM *G. Clinton Gaston & Associates* | | FIRM | DOCKETED JUL 10 2000 |
| STREET ADDRESS *39 S. La Salle - 1100* | | STREET ADDRESS | |
| CITY/STATE/ZIP *Chicago, IL 60603* | | CITY/STATE/ZIP | |
| TELEPHONE NUMBER *(312) 263-8202* | | TELEPHONE NUMBER | |
| IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) *35279 (Cook County ID# No)* | | IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) | |
| MEMBER OF TRIAL BAR? YES ☐ NO ☒ | | MEMBER OF TRIAL BAR? | YES ☐ NO ☐ |
| TRIAL ATTORNEY? YES ☒ NO ☐ | | TRIAL ATTORNEY? | YES ☐ NO ☐ |
| | | DESIGNATED AS LOCAL COUNSEL? | YES ☐ NO ☐ |

| (C) | | (D) | |
|---|---|---|---|
| SIGNATURE | | SIGNATURE | |
| NAME | | NAME | |
| FIRM | | FIRM | |
| STREET ADDRESS | | STREET ADDRESS | |
| CITY/STATE/ZIP | | CITY/STATE/ZIP | |
| TELEPHONE NUMBER | | TELEPHONE NUMBER | |
| IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) | | IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) | |
| MEMBER OF TRIAL BAR? YES ☐ NO ☐ | | MEMBER OF TRIAL BAR? | YES ☐ NO ☐ |
| TRIAL ATTORNEY? YES ☐ NO ☐ | | TRIAL ATTORNEY? | YES ☐ NO ☐ |
| DESIGNATED AS LOCAL COUNSEL? YES ☐ NO ☐ | | DESIGNATED AS LOCAL COUNSEL? | YES ☐ NO ☐ |

EXHIBIT
D

# United States District Court

————————————— DISTRICT OF —————————————

**APPLICATION TO PROCEED IN
FORMA PAUPERIS, SUPPORTING
DOCUMENTATION AND ORDER**

V.

CASE NUMBER:

I, _____, declare that I am the *(check appropriate box)*

☐ petitioner/plaintiff  ☐ movant (filing 28 U.S.C. 2255 motion)

☐ respondent/defendant  ☐ _____
                              *other*

in the above−entitled proceeding; that, in support of my request to proceed without being re-
quired to prepay fees, cost or give security therefor, I state that because of my poverty, I am
unable to pay the costs of said proceeding or give security therefor; that I believe I am entitled to
relief. The nature of my action, defense, or other proceeding of the issues I intend to present on
appeal are briefly stated as follows:

In further support of this application, I answer the following questions.

1.  Are you presently employed?                           Yes ☐      No ☐
    a.  If the answer is "yes," state the amount of your salary or wages per month, and give
        the name and address of your employer. (list both gross and net salary)

    b.  If the answer is "no," state the date of last employment and the amount of the salary
        and wages per month which you received.

2.  Have you received within the past twelve months any money from any of the following
    sources?

    a.  Business, profession or other form of self−employment    Yes ☐      No ☐
    b.  Rent payments, interest or dividends?                     Yes ☐      No ☐
    c.  Pensions, annuities or life insurance payments?           Yes ☐      No ☐
    d.  Gifts or inheritances?                                    Yes ☐      No ☐
    e.  Any other sources?                                        Yes ☐      No ☐

United States District Court for the Northern District of Illinois

**00C 4126**

Case Number: _____

Date: _____ JUL - 7 2000 _____    Assigned/Issued By: _____

---

## FEE INFORMATION

JUDGE SHADUR

MAGISTRATE JUDGE SCHENKIER

*Amount Due*:  ☐ $150.00   ☐ $30.00   ☐ $20.00   ☐ $5.00

☒ IFP   ☐ No Fee   ☐ Other _____

*(For use by Fiscal Department Only)*

Amount Paid: _____    Receipt #: _____

Date Paid: _____    Fiscal Clerk: _____

DOCKETED

JUL 10 2000

---

## ISSUANCES

*Type of Issuance*:

☐ Summons                    ☐ Alias Summons

☐ Third-Party Summons        ☐ Lis Pendens

☐ Non-Wage Garnishment Summons

☐ Wage-Deduction Garnishment Summons

☐ Citation to Discover Assets

☐ Writ _____
                    Type of Writ

Original and _____ copies on _____ as to _____
                                        (Date)

_____

_____

EXHIBIT

E